**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**
**MIAMI DIVISION**

**Civil Action Number:**

JESUS GONZALEZ

    Plaintiff,
vs.

WAWA FLORIDA, LLC
d/b/a WAWA Gas Station at
6971 SW 24th Street and
MASPONS CORAL PLAZA, LLLP

    Defendants.
_____/

**COMPLAINT FOR INJUNCTIVE RELIEF**

Plaintiff Jesus Gonzalez ("Plaintiff"), by and through his undersigned counsel, hereby sues Defendant WAWA Florida, LLC doing business as the WAWA gas station at 6971 SW 24th Street (Coral Way) and Defendant Maspons Coral Plaza, LLLP for injunctive relief pursuant to 42 U.S.C. §§12181-12189 of the Americans with Disabilities Act ("ADA") and 28 C.F.R. Part 36 and alleges:

**JURISDICTION**

1. This is an action for declaratory and injunctive relief pursuant to Title III of the Americans with Disabilities Act ("ADA") 42 U.S.C. §§12181-12189. This Court is vested with original jurisdiction under 28 U.S.C. §1331.

2. Venue is proper in the Court, pursuant to 28 U.S.C. §1391(b) in that all events giving rise to this lawsuit occurred within the Southern District of Florida and the subject premises is located within the jurisdiction of this Court.

1

3.     Defendants are authorized to conduct, and are conducting, business within the State of Florida and within the jurisdiction of this court.

## PARTIES

4.     Plaintiff Jesus Gonzalez is a resident of the state of Florida. Plaintiff has a "qualified disability" under the ADA as he is disabled with neuropathy and nerve damage due to radiation and utilizes a wheelchair for mobility. Plaintiff's disability is defined in 42 US Code §12102(1)(A), (2) and in 28 C.F.R. §36.105(b)(2) and 28 C.F.R. §36.105(2)(iii)(D). Plaintiff is also a "tester" of public accommodations to determine whether they are in compliance with the ADA/ADAAG.

5.     Defendant WAWA Florida, LLC (also referenced as "Defendant WAWA Florida," "operator," lessee" or "co-Defendant") is a foreign limited liability company authorized to transact business in Florida. On information and belief, Defendant WAWA Florida is the owner and operator of a chain of gasoline stations/convenience stores within Florida under the brand name "WAWA."

6.     Defendant Maspons Coral Plaza, LLLP (also referenced as "Defendant Coral Plaza," "lessor," "owner," or "co-Defendant") is a foreign limited partnership authorized to transact business in Florida and is the owner of real property located at 7001 SW 24 Street, Miami, Florida 33155. This property is more fully designated as Folio 30-4011-045-0010 and also includes the address 6971 SW 24th Street, which is the address of the WAWA gasoline station which is the subject of this instant complaint.

## FACTS

7.     Defendant Coral Plaza's real property encompasses a one block frontage on SW 24th Street (which is also known as Coral Way) and is built out as a stand-alone gas

station/convenience store and as a stand-alone pharmacy. Defendant Coral Plaza leases the stand-alone gas station and convenience store portion of its property to co-Defendant WAWA Florida who in turn operates its WAWA gas station/convenience store within that leased space.

8. Defendant WAWA Florida's WAWA gas stations (including the WAWA gas station on Coral Way which is the subject of this action) are open to the public and each is a place of public accommodation subject to the requirements of Title III of the ADA and its implementing regulation as defined by 42 U.S.C. §12181(7)(F); §12182, and §36.104(6).

9. Defendant WAWA Florida's WAWA gas stations (including the WAWA gas station on Coral Way which is the subject of this action) also contain convenience stores which meet the definition of a public accommodation pursuant to 42 U.S.C. §12181(7)(E) and 28 CFR 36.104(5).

10. Defendant WAWA Florida is defined as a "Public Accommodation" within meaning of Title III because it is a private entity which owns and operates WAWA brand gasoline stations and convenience stores pursuant to 42 U.S.C. §§12181(7)(F) & (E) and 28 C.F.R. §§36.104(5) & (6).

11. The WAWA gas station on Coral Way which is the subject of this action is referenced throughout as "Place of Public Accommodation," "gas station," "WAWA on Coral Way (gas station)," or "WAWA on Coral Way gas station and convenience store."

12. The WAWA on Coral Way is near an area that Plaintiff frequents. . Therefore, on January 4, 2022, Plaintiff patronized Defendant's WAWA on Coral Way in order to purchase food and drink from the convenience store within the gas station. Plaintiff's visit was prior to instituting the instant action.

13. While patronizing the convenience store, Plaintiff encountered multiple areas of inaccessibility while perambulating to the restroom and while using the restroom facilities.

14. Due to the inaccessible restroom facilities Plaintiff has been denied full and equal access by Defendants.

15. While Plaintiff patronized the WAWA on Coral Way gas station, he left feeling excluded, humiliated and dejected.

16. Plaintiff has been denied full and equal access to, and full and equal enjoyment of the WAWA on Coral Way gas station.

17. On information and belief, due to its ownership and operation of multiple WAWA brand gasoline stations, Defendant WAWA Florida is well aware of the need to provide equal access to individuals with disabilities. Defendant WAWA Florida's failure to reasonably accommodate individuals with disabilities at its 6971 SW 24th Street (Coral Way) location is/was willful, malicious and oppressive and in compete disregard for the Civil Rights of Plaintiff and in violation of 28 C.F.R. §36.302.

18. As the owner of commercial property which is utilized as a gas station/convenience store and as a pharmacy which are all open to the general public, Defendant Coral Plaza is also defined as a "Public Accommodation" within meaning of Title III; 42 U.S.C. §12182, §§12181(7)(F) & (E) and 28 C.F.R. §§36.104(5) & (6). As an investor in commercial property, Defendant Coral Plaza is aware of the ADA and the need to provide for equal access, therefore its failure to reasonably accommodate individuals with disabilities is/was willful, malicious, and oppressive and in compete disregard for the Civil Rights of Plaintiff and in violation of 28 C.F.R. §36.302.

19. Based on the access impediments delineated herein, Plaintiff has been denied full and equal access by the operator of the WAWA gas station (Defendant WAWA Florida) and by the owner of the commercial property which houses the gas station (Defendant Coral Plaza).

20. As a result of the joint and several discrimination by Defendants, Plaintiff has suffered loss of dignity, mental anguish and other tangible injuries and has suffered an injury-in-fact.

21. Plaintiff is and has been a customer of WAWA and continues to desire to return to the WAWA on Coral Way as a patron and tester, but Plaintiff continues to be injured in that he is concerned that he will again be humiliated, segregated, and discriminated against due to the architectural barriers and other barriers to access, all which are in violation of the ADA.

22. Any and all requisite notice has been provided.

23. Plaintiff has been obligated to retain the civil rights law office of J. Courtney Cunningham, PLLC and has agreed to pay a reasonable fee for services in the prosecution of this cause, including costs and expenses incurred. Plaintiff is entitled to recover those attorney's fees, costs and expenses from Defendants pursuant to 42 U.S.C. §12205.

### **COUNT I – VIOLATIONS OF TITLE III OF THE ADA**

24. The ADA was enacted and effective as of July 26, 1990 and ADA legislation has been protecting disabled persons from discrimination due to disabilities since that time. Over thirty years have passed since enactment of the ADA and there is no excuse for public accommodations and places of public accommodation to have failed to comply with the legislation.

25. Congress explicitly stated that the purpose of the ADA was to:

(i) provide a clear and comprehensive national mandate for the elimination of discrimination against individuals with disabilities;
(ii) provide clear, strong, consistent, enforceable standards addressing discrimination against individuals with disabilities; and,
(iii) invoke the sweep of congressional authority, including the power to enforce the fourteenth amendment and to regulate commerce, in order to address the major areas of discrimination faced on a daily by people with disabilities.

42 U.S.C. §12101(b)(1)(2) and (4).

26. Prior to the filing of this lawsuit, Plaintiff personally visited the WAWA gas station on Coral Way however Plaintiff was denied adequate accommodation because, as a disabled individual who utilizes a wheelchair for mobility, he met barriers to access. Therefore, Plaintiff has suffered an injury in fact.

27. Defendant WAWA Florida (operator of the WAWA gas station and convenience store on Coral Way) and Defendant Coral Plaza (owner of the commercial property operated as a that gas station and convenience store) have discriminated (and continue to discriminate) against Plaintiff by denying full and equal access to, and full and equal enjoyment of, goods, services, facilities, privileges, advantages and/or accommodations at that gas station in derogation of 42 U.S.C. §12101 *et seq.*, and as prohibited by 42 U.S.C. §12182 *et seq.* by failing to barriers to access pursuant to 42 U.S.C. §12182(b)(2)(a)(iv), where such removal is readily achievable.

28. Plaintiff has been unable to, and continues to be unable to, enjoy full and equal safe access to, and the benefits of, the accommodations and services offered at the WAWA gas station on Coral Way.

29. Defendants are jointly and singularly governed by the ADA and must be in compliance therewith. Defendants have jointly and severally discriminated against disabled patrons in derogation of 28 C.F.R. Part 36.

30. Pursuant to the mandates of 42 U.S.C. §12134(a), on July 26, 1991 (as amended), the Department of Justice, Office of the Attorney General, promulgated Federal Regulations to implement the requirements of the ADA, known as the Americans with Disabilities Act Accessibility Guidelines (hereinafter "ADAAG"), 28 C.F.R. Part 36, under which said Department may obtain civil penalties of up to $75,000 for the first violation and $150,000 for any subsequent violation.

31. The commercial property which is owned by Defendant Coral Plaza houses a WAWA branded gas station and convenience store which is operated by Defendant WAWA Florida. This Place of Public Accommodation is in violation of 42 U.S.C. §12181 *et seq.*, the ADA and 28 C.F.R. §36.302 *et seq.* and both the owner and the operator are discriminating against Plaintiff as a result of <u>inter alia</u> the following specific violations:

   i. As to Defendant WAWA Florida (lessee/operator) and Defendant Coral Plaza (owner/lessor of the property) (jointly and severally), the men's accessible restroom sign is mounted on the hinge side of the door, violating Section 4.1.3(16) and Section 4.30 of the ADAAG and Sections 216.2 and 703 of the 2010 ADA Standards for Accessible Design.

   ii. As to Defendant WAWA Florida (lessee/operator) and Defendant Coral Plaza (owner/lessor of the property) (jointly and severally), Plaintiff had difficulty closing the stall door, as the toilet compartment stall door was missing pull handles on both sides of the door near the latch. This is a violation of 28 C.F.R. Part 36, Section

  4.27.4 of the ADAAG which states that controls and operating mechanisms shall be operable with one hand and shall not require tight grasping, pinching, or twisting of the wrist. The forces required to activate controls shall be no greater than 5 lbf (22.2 N). This is also a violation §604.8.1.2 of the 2010 ADA Standards for Accessible Design which states that toilet compartment doors, including door hardware, shall comply with §404; specifically, §§404.2.7 and 309.4: "operable parts of such hardware shall be 34 inches (865 mm) minimum and 48 inches (1220 mm) maximum above the finish floor or ground."

iii. As to Defendant WAWA Florida (lessee/operator) and Defendant Coral Plaza (owner/lessor of the property) (jointly and severally), Plaintiff had difficulty closing the stall door as the toilet compartment (stall) door does not provide self-closing hinges. This is a violation of Section 604.8.1.2 of the 2010 ADA Standards for Accessible Design states that toilet compartment doors shall be self-closing. This is also a violation of Sections 4.17.5 and 4.13.10 of the ADAAG. Section 4.17.5 states that toilet door hardware must comply with Section 4.13, and Section 4.13.10 states that door closers must take at least 3 seconds to move to a point of 3" from the latch.

iv. As to Defendant WAWA Florida (lessee/operator) and Defendant Coral Plaza (owner/lessor of the property) (jointly and severally), Plaintiff could not transfer to the toilet without assistance, as the rear wall grab bar is not in the required location from the side wall. This is a violation of Section 4.16.4 and Figure 29 of the ADAAG and Sections 604.5.2 of the 2010 ADA Standards for Accessible Design which states that the rear wall grab bar shall be 36 inches (915 mm) long minimum

        and extend from the centerline of the water closet 12 inches (305 mm) minimum on one side and 24 inches (610 mm) minimum on the other side.

  v.  As to Defendant WAWA Florida (lessee/operator) and Defendant Coral Plaza (owner/lessor of the property) (jointly and severally), Plaintiff could not transfer to the toilet without assistance, as the side wall grab bar is not in the required location from the rear wall. This is a violation of Section 4.16.4 and Figure 29 of the ADAAG and Section 604.5.1 of the 2010 ADA Standards for Accessible Design which states that the side wall grab bar shall be 42 inches (1065 mm) long minimum and located 12 inches (305 mm) maximum from the rear wall and extending 54 inches (1370 mm) minimum from the rear wall.

  vi.  As to Defendant WAWA Florida (lessee/operator) and Defendant Coral Plaza (owner/lessor of the property) (jointly and severally), Plaintiff could not use the toilet without assistance, as the toilet paper dispenser is not in the proper position as it is mounted at non-compliant distance in front of the water closet in violation of Sections 604.9.6 of the 2010 ADA Standards for Accessible Design. ADAAG §§604 and 604.7 state that toilet paper dispensers shall comply with Section 309.4 and shall be 7 inches (180 cm) minimum and 9 inches (230 cm) maximum in front of the water closet measured to the centerline of the dispenser. Section 604.9.6 further states that there must be a clearance of 1½ inches (38 mm) minimum below the grab bar and that dispensers shall not be of a type that controls delivery or that does not allow continuous paper flow. The subject toilet paper dispenser is in violation of these sections.

vii. As to Defendant WAWA Florida (lessee/operator) and Defendant Coral Plaza (owner/lessor of the property) (jointly and severally), Plaintiff could not use the lavatory sink (inside the stall) without assistance, as the lavatory sink does not provide the appropriate knee clearance above the finished floor to bottom leading edge of fixture at 8" horizontal projection in violation of Section 4.19.2 of the ADAAG which states that lavatories must be mounted with the rim or counter surface no higher than 34 in (865 mm) above the finished floor and that the knee and toe clearance must comply with Fig. 31. This is also in violation of Sections 606.2 of the 2010 ADA Standards for Accessible Design.

viii. As to Defendant WAWA Florida (lessee/operator) and Defendant Coral Plaza (owner/lessor of the property) (jointly and severally), Plaintiff could not use the lavatory mirror as the lavatory mirror (outside the stall) is mounted too high, which is in violation of Section 213.3.5 of 28 C.F.R. Part 36, Section 4.19.6 of the ADAAG, and Section 603.3 of the 2010 ADA Standards for Accessible Design.

32. Pursuant to 42 U.S.C. §12101et seq. and 28 C.F.R. §36.304, Defendants are required to make the WAWA gas station on Coral Way accessible to persons with disabilities since January 28, 1992. Defendants have jointly and severally failed to comply with this mandate.

33. Pursuant to 42 U.S.C. §12188, this Court is vested with the authority to grant Plaintiff injunctive relief, including an order to alter the commercial property and the WAWA gas station and convenience store therein such that it is made readily accessible to, and useable by, individuals with disabilities to the extent required by the ADA.

**WHEREFORE,** Plaintiff Jesus Gonzalez hereby demands judgment against the property lessor Defendant Maspons Coral Plaza, LLLP (owner of the commercial property housing the WAWA gas station and convenience store) and Defendant WAWA Florida, LLC (the operator of that WAWA branded gas station and convenience store) and requests the following relief:

a) The Court declare that Defendants have violated the ADA;

b) The Court enter an Order directing Defendants to evaluate and neutralize their policies, practices and procedures toward persons with disabilities,

c) The Court enter an Order requiring Defendants to alter the commercial property and the WAWA gas station and convenience store located therein such that all areas are accessible to and usable by individuals with disabilities to the full extent required by the Title III of the ADA;

d) The Court award reasonable costs and attorneys fees; and

e) The Court award any and all other relief that may be necessary and appropriate.

Dated this ___ day of January 2022.

                Respectfully submitted,

                */s/ J. Courtney Cunningham*
                J. Courtney Cunningham, Esq.
                J. COURTNEY CUNNINGHAM, PLLC
                FBN: 628166
                8950 SW 74th Court, Suite 2201
                Miami, Florida 33156
                Telephone: 305-351-2014
                Email: cc@cunninghampllc.com
                *Counsel for Plaintiff*